IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:00CR00171-001 |
| | § | |
| DAVID JACK HEARD, III | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, David Jack Heard, III, violated conditions of supervised release imposed by United States District Judge Thad Hartfield. The United States Probation Office filed its *Petition for Warrant or Summons of Offender Under Supervision* (doc. #136) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on June 21, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States

1

Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

David Jack Heard, III was sentenced on March 25, 2002, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas after pleading guilty to the offense of Possession With Intent to Distribute a Controlled Substance, a Class B felony. This offense carried and statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category V, was 100 to 125 months. David Jack Heard, III was subsequently sentenced to 100 months imprisonment followed by 5 years supervised release subject to standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On June 27, 2011, David Jack Heard, III completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Officer alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

Specifically, on February 8, 2016, during a home visit with Mr. Heard, he advised the

2

U.S. Probation Officer that he was completely innocent of [an] alleged burglary charge, and did not have a clue as to why he was involved. He advised that he had discussed the situation with his attorney and had every intention of pleading not guilty. However, as noted above, Mr. Heard eventually admitted to his involvement.

### C. Evidence Presented at Hearing:

At the hearing, the Government proffered evidence established that as part of his supervisions term, Mr. Heard was released on supervisions and instructed regarding the conditions of his supervision, including answering truthfully to his probation officer. An officer of the United States Probation Office would testify that on February 8, 2016, Mr. Heard failed to answer truthfully to his probation officer regarding his involvement with a burglary.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to truthfully answer all inquiries by his probation officer.

If the Court finds that David Jack Heard, III violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may (A) revoke the defendant's supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the applicable offense of conviction in this case was a Class B felony, the statutory maximum imprisonment term upon

revocation is three years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant did not truthfully answer the U.S. Probation Office's inquiries in violation of his supervision conditions. Mr. Heard voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak* at Sentencing.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court Order Defendant to serve a term of **seven (7) months** imprisonment for the revocation, with no additional term of supervision to follow upon his release.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

# OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, see *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of June, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE